1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID B. HARRIS,                                No.  2:16-cv-0588 DB P

12                 Plaintiff,

13          v.                                       ORDER

14   N. KENNEDY, et al.,

15                 Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18   action under 42 U.S.C. § 1983.  Plaintiff's complaint alleges that officers Kennedy and Carlisle

19   failed to take appropriate action when plaintiff attempted suicide in August 2015.  On June 27,

20   2016, the court ordered service of the complaint on those officers.

21          Plaintiff is currently housed at California State Prison – Sacramento ("CSP-SAC") in the

22   "CTC" unit, which plaintiff describes as a crisis bed for suicidal inmates.  On September 7, 2016,

23   plaintiff filed a motion for a temporary restraining order.  Therein, plaintiff complains that CSP-

24   SAC custodial officers have not fed him, forced him to stand up in a cage all night, and pepper-

25   sprayed him.  (ECF No. 14.)  Plaintiff asks that CSP-SAC "cease and desist this ungodly

26   treatment" by taking him off  "custody watch only" status.

27          On September 9, 2016, the court ordered Supervising Deputy Attorney General Monica

28   Anderson to respond to the allegations in plaintiff's motion for a temporary restraining order.

                                                    1

1    She has done so.  (ECF No. 18.)  Based on the declarations of doctors treating plaintiff and of an

2    associate warden, which are attached to Ms. Anderson's response, this court will deny plaintiff's

3    September 9 motion for injunctive relief.

4         On October 3, 2016, plaintiff filed motions to appoint counsel and for a preliminary

5    injunction.  Plaintiff states he requires counsel because he is taking psychotropic medications and

6    he is not allowed access to the library or his legal materials when he is on suicide watch, which is

7    frequent.  (ECF No. 20.)   In his October 3 request for injunctive relief, plaintiff alleges he was

8    denied "toilet" by P. Ybarra and C. Rodrigues and then given a sharp piece of metal and

9    "taunted" apparently to kill himself.  He requests immediate removal from the "custody watch

10   only" list and a referral to Napa or Coalinga State Hospital.  (ECF No. 21.)  The court further

11   finds below that plaintiff has failed to show extraordinary circumstances justifying the

12   appointment of counsel or the injunctive relief requested on October 3.  Accordingly, those

13   motions will be denied as well.

14                          **MOTIONS FOR INJUNCTIVE RELIEF**

15   **I.        Legal Standards**

16        A temporary restraining order is an extraordinary measure of relief that a federal court

17   may impose without notice to the adverse party only if, in an affidavit or verified complaint, the

18   movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

19   movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).

20   Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary

21   restraining order shall be granted in the absence of actual notice to the affected party and/or

22   counsel[.]"  In the absence of such extraordinary circumstances, the court construes a motion for

23   temporary restraining order as a motion for preliminary injunction.  See, e.g., Aiello v. One West

24   Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

25        The party requesting preliminary injunctive relief must show that "he is likely to succeed

26   on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

27   the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

28   Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

1   hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

2   Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

3       Alternatively, under the so-called sliding scale approach, as long as the plaintiff

4   demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

5   public interest, a preliminary injunction may issue so long as serious questions going to the merits

6   of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for

7   the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

8   "serious questions" version of the sliding scale test for preliminary injunctions remains viable

9   after Winter).

10      The principal purpose of preliminary injunctive relief is to preserve the court's power to

11  render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.

12  Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is

13  that the relief awarded is only temporary and there will be a full hearing on the merits of the

14  claims raised in the injunction when the action is brought to trial.  For the same reason, an

15  injunction against individuals not parties to an action is strongly disfavored.  Zenith Radio Corp.

16  v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).  In cases brought by prisoners involving

17  conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no

18  further than necessary to correct the harm the court finds requires preliminary relief, and be the

19  least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).

20  **II.    Discussion**

21      The basis for plaintiff's placement on "custody watch only" status is explained in Ms.

22  Anderson's response and the accompanying declarations of Dr. Heitkamp, the Chief of Psychiatry

23  at CSP-SAC; B. Forsterer, the Associate Warden of Health Care Services at CSP-SAC; and P.

24  Houston, the Senior Psychologist Supervisor for the CTC at CSP-SAC.  Plaintiff was transferred

25  from CSP-Corcoran on July 29, 2016 to the Mental Health Crisis Bed (MHCB) Unit of the

26  Correctional Treatment Center (CTC) at CSP-SAC.  Plaintiff has a long history of serious self-

27  injurious behavior and has been admitted to MHCB housing 45 times since he was committed to

28  ////

1    CDCR custody in 1999.  (ECF No. 18-2, ¶ 4.)  Plaintiff also has a history of indecent exposure

2    while incarcerated.  (Id.)

3            Dr. Heitkamp explains plaintiff's placement on "custody watch only" status.  (ECF No.

4    18-2, ¶¶ 5,6.)  During a previous admission to the MHCB at CSP-SAC, on June 16, 2014, an

5    Interdisciplinary Treatment Team met to discuss plaintiff's treatment plan.  The team found that

6    plaintiff had demonstrated a pattern of engaging in potentially serious self-injurious behavior in

7    order to secure a female nursing-observer to watch him while he was under suicide watch.  It was

8    felt that plaintiff was using suicide watch as an opportunity to engage in conversation with the

9    nursing-observers.  The treatment team concluded that these unstructured, unsupervised

10   conversations were harmful to plaintiff.  Accordingly, the treatment team recommended that any

11   suicide watch of plaintiff while at in CSP-SAC MHCB housing should be done by custody staff

12   only.  Since that time, plaintiff has not indecently exposed himself.  However, the court notes that

13   plaintiff has exhibited self-injurious behavior since then.  According to Dr. Houston, plaintiff

14   swallowed a razor blade on September 18, 2016.   It was successfully removed at a hospital that

15   same day.  (ECF No. 18-3.)   In addition, plaintiff's recent motion for injunctive relief shows that

16   plaintiff cut his arm on September 27, 2016.  (ECF No. 21 at 1, 3.)

17          In his declaration, Associate Warden Forsterer states that records are kept of all the times

18   an inmate is given a meal and all the times he refuses a meal, of any placement of an inmate in a

19   standing holding cell, and of any use of force against an inmate.  Records show that plaintiff has

20   been provided three meals a day since his admission to CSP-SAC MHCB housing on July 29,

21   2016.  Records show that plaintiff has not been placed in a standing holding cell for a period of

22   longer than four hours during this time period.  Finally, records do not show any use of force,

23   including any use of pepper spray, on defendant during his current admission to CSP-SAC

24   MHCB.  (ECF No. 18-1, ¶¶ 5-7.)

25          Plaintiff does not specify when he was not fed, forced to stand up all night, or pepper-

26   sprayed.  The sworn statements of Drs. Heitkamp and Houston and of Associate Warden

27   Forsterer show that those incidents, if any, likely did not occur during plaintiff's recent

28   ////

4

1    admissions to CSP-SAC MHCB.  The court thus finds plaintiff is not in imminent danger of

2    irreparable harm based on the allegations in plaintiff's September 7 motion.

3          With respect to plaintiff's October 3 motion, the medical report attached to plaintiff's

4    motion belies his claim that he was given a sharp object by prison staff and "taunted" to kill

5    himself.  Rather, the medical report states that plaintiff told staff that he cut himself because he

6    was not given enough toilet paper.  (ECF No. 21 at 3.)  Plaintiff does not show that medical staff

7    did not address his self-inflicted injury adequately or that he otherwise is in immediate danger of

8    irreparable harm.

9          Finally, the court notes that plaintiff does not allege that the defendants in this case,

10   Officers Kennedy and Carlisle, are the same as the custodial officers he complains of in his

11   motions for injunctive relief.  Injunctions against individuals not parties to an action are strongly

12   disfavored.  Zenith Radio Corp., 395 U.S. at 110.

13                          **MOTION FOR APPOINTMENT OF COUNSEL**

14         The United States Supreme Court has ruled that district courts lack authority to require

15   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

16   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

17   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

18   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

19         The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood

20   of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

21   complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

22   Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to

23   most prisoners, such as lack of legal education and limited law library access, do not establish

24   exceptional circumstances that would warrant a request for voluntary assistance of counsel.

25         The court is sympathetic to the limitations plaintiff faces when he is on suicide watch.  The

26   court also notes that despite apparently taking psychotropic medications, plaintiff has been able to

27   file documents with the court that make his wishes known.  Therefore, the court does not find the

28   required exceptional circumstances in this case.  Plaintiff is advised that he may seek an extension

1    of time to respond to a motion or court order if he is unable to prepare legal documents based on

2    restrictions imposed upon him.

3        For the foregoing reasons, IT IS HEREBY ORDERED as follows:

4        1.  Plaintiff's September 7, 2016 Motion for a Temporary Restraining Order (ECF No. 14) is

5            denied.

6        2.  Plaintiff's October 3, 2016 Motion for a Preliminary Injunction (ECF No. 21 ) is denied.

7        3.  Plaintiff's October 3, 2016 Motion for Appointment of Counsel (ECF No. 20) is denied.

8    **Dated:  October 11, 2016**

9

10

11                                        DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20   DLB:9
     DLB1/prisoner-civil rights/harr0588.tro
21

22

23

24

25

26

27

28

                                          6