UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, | No. 2:16-cv-0588 DB P |
| Plaintiff, | |
| v. | ORDER |
| N. KENNEDY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants failed to take appropriate action when plaintiff attempted suicide in August 2015. Before the court is plaintiff's request for documents. (ECF No. 41.) For the reasons set forth below, the court will require defendants to respond to two aspects of plaintiff's request and will deny the remaining aspect of plaintiff's request.

Plaintiff seeks three things: (1) an order requiring the transfer of plaintiff's legal property from CSP-Corcoran to the California Health Care Facility ("CHCF"), where he is currently incarcerated; (2) an order requiring the Attorney General to provide plaintiff copies of documents that were shown him during his deposition; and (3) an order requiring the Attorney General to provide plaintiff with a copy of the CDCR 7219 "medical unusual occurrence form." The court addresses each request below.

1

I.      **Request for Legal Property**

With respect to plaintiff's first request, the docket for this case shows that plaintiff has been transferred multiple times since he filed his complaint here in March 2016. In February 2017, plaintiff notified the court that he had been transferred to CHCF. In an order filed March 1, 2017, the court noted that, according to the litigation coordinator at CHCF, plaintiff was being housed at CHCF temporarily to receive treatment and did not have his legal property during this temporary stay. (ECF No. 35 at 2.) At that time, the court informed plaintiff that when he is returned to permanent housing, the court would assist him, if necessary, in obtaining his legal property.

Plaintiff's stay at CHCF appears to be longer than "temporary" and the court recognizes that plaintiff cannot proceed in this case without access to his legal property. Therefore, the court will order counsel for defendants to contact the CHCF litigation coordinator to determine whether transfer of plaintiff's legal property to CHCF is feasible. If not, the court will consider staying these proceedings until plaintiff is returned to permanent housing and has access to his legal property.

II.     **Copies of Documents Used During Deposition**

Plaintiff next requests defendants' counsel provide him copies of documents used during plaintiff's deposition. In a document filed here on August 4, 2017, plaintiff previously made this same request. (See ECF No. 37.) In an order signed August 8, 2017, the court denied plaintiff's request. (ECF No. 38.) It appears that plaintiff filed the present request before he had received a copy of the court's August 8 order. For the reasons stated in that order, plaintiff's request that defendants' counsel provide him copies of documents used in his deposition is again denied.

III.    **Copy of CDCR Form**

Plaintiff also asks that defendants' counsel provide him a copy of the CDCR 7219 "medical unusual occurrence form." It is not clear what this document is or why plaintiff feels defendants should provide it. Again, the court notes that plaintiff's current custodial situation may prevent him from obtaining documents that he would otherwise be able to obtain. The court further notes that, while he has not requested an extension of the deadlines in the revised scheduling order,

plaintiff's custodial situation may be grounds for an extension to permit plaintiff to conduct discovery. The court will request a response from defendants to this request for the CDCR form 7219.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Within twenty days of the filed date of this order, defendants shall:
   a. Inform the court whether it is possible for plaintiff to be provided his legal materials while he is incarcerated at CHCF; and
   b. Respond to plaintiff's request for a copy of the CDCR 7219 "medical unusual occurrence form."
2. Plaintiff's request that defendants' counsel provide him copies of the documents used during his deposition (ECF No. 41) is denied for the reasons stated in the court's order signed August 8, 2017.

Dated: August 16, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/harr0588.mtn for legal prop

3