UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>N. KENNEDY, et al.,<br><br>    Defendants. | No. 2:16-cv-0588 DB P<br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants failed to take appropriate action when plaintiff attempted suicide in August 2015. On August 4, 2017, defendants filed a motion for summary judgment. (ECF No. 36.) Thereafter, plaintiff filed documents indicating that he did not have access to his legal property because he had been temporarily transferred to the California Health Care Facility ("CHCF"). In an order filed August 17, 2017, the court noted that it may be appropriate to stay this case if plaintiff is unable to have access to his legal materials during his incarceration at CHCF. (ECF No. 42.) At the court's request, defendants' counsel looked into the status of plaintiff's access to his legal materials and informed the court that plaintiff would not have access to them while he was incarcerated at CHCF. (ECF No. 43.)

////

////

1

Shortly thereafter, and despite the fact he did not have his legal materials, plaintiff filed an opposition to the summary judgment motion. (ECF No. 45.) On September 12, 2017, defendants filed a reply. (ECF No. 46.)

On September 19, 2017, plaintiff filed a motion to stay this case until he was transferred to permanent housing and could regain access to his legal materials. (ECF No. 47.) Plaintiff stated that when he has his legal materials, he will be able to address defendants' contention that he did not exhaust his administrative remedies. Since then, plaintiff has also filed a motion for the appointment of counsel (ECF No. 50) and a motion for the delivery of his legal property (ECF No. 51). In this last motion, plaintiff states that he has been transferred to the California Medical Facility at Vacaville and should now be permitted to have his legal property.

While plaintiff filed an opposition to the summary judgment motion, he did so without having possession of his legal materials. In fact, in his opposition, he states that if he had his property he could show the court that he has exhausted his administrative remedies. (ECF No. 45 at 4.) The court will permit plaintiff to file an amended opposition to the motion for summary judgment. Plaintiff will be given a deadline for doing so. However, if plaintiff has not received his legal materials prior to that date, plaintiff may seek an extension of the deadline.

Plaintiff requests appointment of counsel due to his low educational level. (ECF No. 50.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The

court does not find plaintiff's low educational level sufficiently extraordinary to justify a request for counsel.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for delivery of his legal property (ECF Nos. 44, 51) are denied without prejudice. The court expects the prison to deliver plaintiff's legal property to him forthwith. If plaintiff experiences unreasonable delay in the delivery of his property, he may seek court assistance.

2. Within thirty days of the date of this order, plaintiff shall file an amended opposition to his motion for summary judgment. If plaintiff is not provided access to his legal materials prior to that deadline, plaintiff may seek an extension of time.

3. Plaintiff's motion to stay this case (ECF No. 47) is denied as moot.

4. Plaintiff's motion to appoint counsel (ECF No. 50) is denied.

5. The Clerk of the Court is directed to change plaintiff's mailing address to: California Medical Facility, P.O. Box 2000, Vacaville, CA 95696. Plaintiff is warned that he must notify the court whenever he is transferred to a new facility by filing a Notice of Change of Address. Local Rule 183(b) requires a party appearing in propria persona to inform the court of any address change.

Dated: November 29, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/harr0588.sj opp eot