1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID D. HARRIS,                          No. 2:16-cv-0588 MCE DB P

12                   Plaintiff,

13           v.                                ORDER

14   N. KENNEDY, et al.,

15                   Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under

18   42 U.S.C. § 1983.  Plaintiff alleges defendants failed to provide him timely medical treatment in

19   violation of the Eighth Amendment.  Two items are before the court.  First, plaintiff seeks the

20   appointment of counsel.  Second, defendants move to strike plaintiff's January 11, 2018 filing.

21   For the reasons set forth below, the court will deny both motions.

22                        **MOTION FOR APPOINTMENT OF COUNSEL**

23           Plaintiff seeks the appointment of counsel on the grounds that he is inexperienced in the

24   law, has only a sixth grade education, is indigent, and will have difficulty gathering evidence

25   because he is incarcerated.  (ECF No. 62.)  The United States Supreme Court has ruled that

26   district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.

27   Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

28   circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

                                                    1

U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

**MOTION TO STRIKE**

Defendants move to strike plaintiff's January 11, 2018 filing.  (ECF No. 63.)  Plaintiff filed a document on January 11, 2018 entitled "Memorandum & Points of Authorities and Demand for Jury Trial."  (ECF No. 60.)  The Clerk who docketed the document labeled it a "First Amended Complaint.  However, it does not appear to be an attempt to amend the complaint.  Rather, it is a list of legal authorities for various points, including the nature of habeas corpus and the legal bases for damage claims.  This court finds that plaintiff appears to be attempting to submit a legal brief, which, because it does not appear to relate to any pending matters, shall be disregarded.  Because defendants' motion to strike is based on the characterization of the January 11 filing as an amended complaint, defendants' motion will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 1, 2018 motion for appointment of counsel (ECF No. 62) is denied; and

2. Defendants' February 2, 2018 motion to strike (ECF No. 63) is denied as moot.

Dated:  February 12, 2018

DLB:9
DB/prisoner-civil rights/harr0588.mts

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

2